No. 19,738.

W. S. RANCE and ED WITTHAUER, a Copartnership, etc., *Appellees,* v. THE ROBINSON INVESTMENT COMPANY et al., *Appellants.*

SYLLABUS BY THE COURT.

REAL-ESTATE BROKERS—*Oral Contract for Commission—Evidence Sustains Verdict.* A written contract between brokers and the owner of lands to procure a purchaser for them was superseded by an oral contract, and a dispute between the parties as to the conditions contained in the oral contract was determined by the jury in favor of the brokers. *Held,* that the evidence in the case supports the verdict and judgment.

Appeal from Johnson district court; JABEZ O. RANKIN, judge. Opinion filed January 8, 1916. Affirmed.

*J. B. Larimer,* and *D. H. Branaman,* both of Topeka, for the appellants.

*S. D. Scott,* and *John R. Thorne,* both of Olathe, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by W. D. Rance and Ed Witthauer to recover from The Robinson Investment Company a balance of $1250 alleged to be due to the plaintiffs upon a commission for the sale of real estate. The trial resulted in a verdict in favor of the plaintiffs for $1250, and from the judgment rendered thereon the defendant appeals.

In August, 1912, the plaintiffs, who were partners doing business as real-estate agents, were engaged by the defendant to find a purchaser for certain Canadian lands. In the written contract originally made it was provided that plaintiffs' com-

mission should be four dollars per acre on improved farms and four dollars per acre on unimproved lands, except that upon exchange of properties or where large tracts were sold at reduced prices, or where changes were made in prices or terms, a special arrangement would be made and a special commission paid. Soon after the employment, plaintiffs secured a buyer, a Mr. Kenton, for 800 acres of the Canadian lands. The regular list price at which plaintiffs held this land was forty-four dollars per acre, but Kenton being unwilling to pay that much, it was finally agreed that the land should be sold for $40 per acre and that defendant would take in payment $2000 in cash and the remaining $30,000 due was to be paid by $26,000 worth of South Dakota mortgages and the trading in of property owned by Kenton in the city of Olathe, estimated to be worth $4000. In view of the fact that the land was sold at less than list price and not upon a cash basis, it was agreed before the sale was made that plaintiffs' commission should be $2500 and would be payable when the South Dakota mortgages were converted into cash. The transaction was closed and plaintiffs were paid one-half of their commission, leaving the balance of $1250 for which this action was brought. That the written contract made between the parties was superseded by an oral one appears to be conceded, but there is a dispute as to the provisions of the oral agreement. On the part of the defendant it is claimed that the plaintiffs agreed to sell the Olathe property accepted from Kenton for the price of $3500 net, and that the commission of $2500 was not to be due or payable until the plaintiffs disposed of that property at the price named or had procured a loan thereon to the extent of $2000. Upon this question the testimony was in direct conflict. The jury found that while the plaintiffs represented that the Olathe property was worth $3500 there was no contract that they should sell it at that price, and that the payment of commission was not made upon the condition that such a sale would be made.

The jury upon sufficient testimony found that the oral contract made between the parties was substantially in accord with the testimony of the plaintiffs. The findings of the jury as well as the verdict appear to be abundantly supported by

the testimony and no substantial question of law is presented for consideration.

An instruction was asked by defendant based upon the theory of a partnership, but neither the pleadings nor the evidence warranted the submission of that question.

The judgment of the district court will be affirmed.